Karen R. Baker,. Justice, concurring. Although I agree with 'the majority in this case, I write separately to address two separate points. First, with regard to Lagios’s consent, based on the record and Lagios’s point on appeal, I agree that the circuit court did not err. Pursuant to Ark. Code Ann. § 9-9-206, Lagios simply does not fall within any of these categories that'would require his consent to the adoption. However, I must emphasize that Lagios did not assert that this statute infringed upon his fundamental right as a natural parent or challenge the constitutionality of the statute. In his brief, Lagios states, One thing is absolutely clear and that is that the-integrity of the relationship between a biological parent and a child is sacred.... [I]f the statute was open to construction and interpretation, it should be construed in support.of the right of the natural parent. However, Lagios failed to present a constitutional challenge to the statute. Therefore, based on the record before us, the applicable statute, and our standard of review, we must affirm the circuit court. Second, I write to address Lagios’s argument regarding Ark. Code Ann. § 9-9-212(f) which states: 12pWhen one (1) parent of a child or children is deceased, and the parent-child relationship has not been eliminated at the time of death, and adoption proceedings are instituted subsequent to such deceáse, the parents of the deceased parent shall be notified under the procedurés prescribed in this subchapter of such adoption proceedings, except when the surviving parent-child relationship has been terminated pursuant to § 9-27-341. Lagios contends that the circuit court did not acquire jurisdiction because the Goldmans failed to comply with this subsection. Specifically, Lagios asserts that Morgan’s parents were not notified of the adoption proceedings — “no proof of such notification was presented at trial” — and therefore, the circuit court did not acquire jurisdiction to enter the adoption decree. This argument fails for two reasons. First, at the June 28, 2013 hearing, En-sminger testified that Morgan’s father had predeceased Morgan, and their mother was not present in their fives since their childhood. Based on her testimony, it is evident that, based on the particular facts in this case, the notice requirement was satisfied because- Morgan’s father was deceased and her-mother was not present and able to be notified. Further, the Gold-mans were not required to notify the next of kin, here, Ensminger, but did so as is demonstrated by Ensminger’s testimony. Accordingly, notice under this subsection was provided. Second, Lagios appears to have misread this subsection because it does not apply to him. Lagios is not “the parents of the deceased,” and notice to him was not required based on this subsection. Simply put, Lagios does not have standing to make this argument and cannot com-, plain that the circuit court did not acquire jurisdiction. See generally Racine v. Nelson, 2011 Ark. 50, at 15, 378 S.W.3d 93, 101. laiBased on my discussion above, I concur in the majority’s opinion and would affirm the circuit court.